```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
WILLAM PUCHA,                                                   :
                                                                :
                    Plaintiff,                                  :
                                                                :
          -against-                                             :     MEMORANDUM AND ORDER
                                                                :       23-cv-4113(DLI)(SJB)
ANTHONY PETERS,                                                 :
                                                                :
                    Defendant.                                  :
----------------------------------------------------------------x
```

**DORA L. IRIZARRY, United States District Judge:**

On June 2, 2023, Willam Pucha ("Plaintiff") filed this action against Anthony Peters ("Defendant") alleging state law tort claims arising out of an auto collision and asserting this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  *See*, Complaint ("Compl."), Dkt. Entry No. 1, ¶¶ 4, 11, 14.  For the reasons set forth below, this action is dismissed for failure to establish subject matter jurisdiction.

**DISCUSSION**

As a threshold matter, federal courts have "'an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'"  *Pratt v. Kilo Int'l, LLC*, 2015 WL 1034406, at *3 (E.D.N.Y. Mar. 10, 2015) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)); *See also, Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000) ("[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed.")  Where, as here, a plaintiff brings an action in federal court based on diversity jurisdiction, the plaintiff bears the burden of establishing that the requirements of such jurisdiction have been met.  *See, Trisvan v. Burger King Corp.*, 2020 WL 1975236, at *2 (E.D.N.Y.

Apr. 24, 2020) (citing *Broidy Capital Mgmt. LLC v. Benomar,* 944 F.3d 436, 443 (2d Cir. 2019)).

To invoke a federal court's diversity jurisdiction, a party must establish that: (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of costs or interest; and (2) there exists complete diversity of citizenship between the parties.  *See*, 28 U.S.C. § 1332(a).  Here, Plaintiff has failed to satisfy either requirement and, as such, has failed to establish this Court's subject matter jurisdiction, warranting dismissal.

I.  **Amount in Controversy**

As to the amount in controversy requirement, a party invoking a federal court's diversity jurisdiction has "the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount."  *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (internal citations omitted).  The "reasonable probability" burden is not onerous at the pleading stage because "a rebuttable presumption [exists] that the face of the complaint is a good faith representation of the actual amount in controversy."  *Id*. at 397 (internal citations omitted).  However, "this face-of-the-complaint presumption is available only if the face of the complaint alleges facts plausibly suggesting the existence of claims aggregating over the jurisdictional minimum amount in controversy."  *Wood v. Maguire Auto. LLC*, 2011 WL 4478485, at *2 (N.D.N.Y. Sept. 26, 2011), *aff'd*, 508 F. App'x 65, 65-66 (2d Cir. 2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)) (affirming that bare and conclusory allegations as to amount in controversy are "not entitled to a presumption of truth") (summary order).

As courts in this Circuit have explained, "the court need not presume that [a] general allegation that the amount in controversy exceeds the jurisdictional minimum constitutes a good faith representation of the actual amount in controversy."  *Id.*, at *2, *aff'd*, 508 F. App'x 65 (2d Cir. 2013); *Sanders, et al., v. New York Times, et al.,* 2023 WL 3724818, at *4 (S.D.N.Y. May 30,

2023) (same); *Turban v. Bar Giacosa Corp.*, 2019 WL 3495947, at *2 (S.D.N.Y. Aug. 1, 2019) (same). Instead, to invoke diversity jurisdiction, a plaintiff must allege facts sufficient to "plausibly show an amount in controversy of more than $75,000." *Lapaglia v. Transamerica Cas. Ins. Co.*, 155 F. Supp.3d 153, 156 (D. CT. 2016). "The amount in controversy must be non-speculative in order to satisfy the statute and conclusory allegations that the amount-in-controversy requirement is satisfied are insufficient." *See, Trisvan*, 2020 WL 1975236, at *2.

Here, Plaintiff has failed to allege facts sufficient to show plausibly that the amount in controversy exceeds $75,000. In the bare bones, two-page Complaint, he alleges, without more, that Defendant "struck [him], . . . crushing his left foot," resulting in "a serious injury as defined in…Section 5102[(d)] of the [New York] Insurance Law, or economic loss greater than basic economic loss defined in…Section 5102[(a)] of the Insurance Law."[1] *See*, Compl. ¶¶ 10-11, 13.

As an initial matter, Section 5102(a) of the New York Insurance Law defines "basic economic loss" as loss in an amount "up to fifty thousand dollars per person" and "courts do not assume that 'a personal injury claim alleging damages in an unspecified amount over $50,000…exceed[s] the $75,000 statutory jurisdictional threshold[.]'" *Burrell-Hamilton v. Oden,* 2018 WL 11449490, at *4, n.5 (S.D.N.Y. Feb. 12, 2018) (quoting *Kaur v. Levine*, 2007 WL 210416, at *2 (E.D.N.Y. Jan. 26, 2007)); *See, Johnson-Kamara v. W. Chacon Trucking*, 2006 WL 336041, at *2 (S.D.N.Y. Feb. 9, 2006) (explaining, in the context of analyzing allegations made pursuant to the New York Insurance Law, that a demand for "damages somewhere in excess of $50,000…does not get us to

---

[1] Plaintiff also alleges that "[t]his action falls within one or more of the exceptions set forth in [N.Y. C.P.L.R.] § 1602 in that motor vehicle accidents are exempt from said statute." Compl. ¶ 12 (citing N.Y. C.P.L.R. § 1602(6)). However, Plaintiff provides no further explanation as to this allegation or the state statutory provision referenced therein, under which "any liable tortfeasor [in a motor vehicle accident] is obligated to pay the full amount of the plaintiff's damages, regardless of their proportionate culpability." *See, Premusch v. ASA Beverages LLC,* 2023 WL 2905488, at *5 (N.Y. Sup. Ct., Bx. Co. Apr. 11, 2023) (citing N.Y. C.P.L.R. § 1602(6)). Without more, it is unclear whether Plaintiff intended this allegation to support the amount in controversy and, even if he did, it is unclear how, if at all, the allegation provides any such support.

$75,000.01" and that, "[w]hile plaintiff does allege a 'serious injury'" stemming from an auto collision, "she does not go into enough detail for the Court to quantify the injury in economic terms"); *See also, Herrera v. Terner,* 2016 WL 4536871, at *2 (E.D.N.Y. Aug. 30, 2016) (finding allegations of "serious injury" and "loss greater than basic economic loss" under the New York Insurance Law to be "boilerplate" and insufficient to show amount in controversy).

Moreover, and significantly, Plaintiff failed to allege any facts supporting his damages claim or any details regarding his alleged injury. Indeed, Plaintiff asserts, in boilerplate fashion, that he "has been damaged…in an amount which exceeds $75,000" and makes a demand for a "judgment…in amounts which exceed $75,000.00 with interest[,] . . . together with costs and disbursements of this action." *See*, Compl. ¶ 14, Wherefore Clause. However, he provides no information concerning the "extent of [his] injur[y], the treatment received, or details regarding the [ ] losses he purportedly suffered" nor does he "provide any actual [monetary] amounts" incurred, sought, or owed due to the alleged injury. *See, Trisvan*, 2020 WL 1975236, at *3 (finding amount in controversy requirement not satisfied where such information was not alleged); *Herrera*, 2016 WL 4536871, at *2 (same).

As such, the Court is left to guess at the amount in controversy based on the vague allegation that Defendant "struck Plaintiff, . . . crushing his left foot" and the boilerplate assertions concerning his damages. *See*, Compl. ¶¶ 10, 14. Such pleadings are too generalized and speculative to "plausibly show" that the amount in controversy exceeds $75,000 and are not entitled to a presumption of truth. *See, Sanders,* 2023 WL 3724818, at *4 (finding Plaintiff not entitled to presumption of truth and dismissing action where Plaintiff "assert[ed] that the amount in controversy exceed[ed] $75,000 'based on the injuries and damages' that she suffered, but she d[id] not state the actual amount of damages that she [was] seeking" nor did she "allege facts

4

plausibly suggesting [that she had] a viable legal claim that would allow her to recover damages" in excess of $75,000) (internal citation omitted); *Turban*, 2019 WL 3495947, at *2-3 (declining to exercise jurisdiction where allegations were "insufficiently detailed to render the jurisdictional amount plausible on its face"); *See also, Minaudo v. Sunrise at Sheepshead Bay*, 2023 WL 110359, at *3 (E.D.N.Y. Jan. 5, 2023) (collecting cases remanded for failure to establish amount in controversy, even where permanent, serious, and fatal injuries were alleged because allegations did not particularize extent of injuries or damages).

Accordingly, Plaintiff has failed to satisfy the amount in controversy requirement and, thus, has not established this Court's subject matter jurisdiction over this action, warranting dismissal. [2] *See, Kimm v. KCC Trading, Inc*., 449 Fed. Appx. 85, 85-86 (2d Cir. 2012) (summary order) (affirming dismissal for lack of subject matter jurisdiction where plaintiff only "alleged generally that th[e]…amount in controversy exceed[ed] $75,000"); *Trisvan*, 2020 WL 1975236, at *3-4 (dismissing action on grounds that "[p]laintiff's request for relief [was] speculative and insufficient to meet the amount-in-controversy requirement" where Plaintiff sought damages for "alleged food poisoning," including, *inter alia*, the "cost of the meal in question" and the "cost of one's injury and such trip to the hospital," but did not "provide any actual amounts for th[e] expenses and damages [asserted]" or "allege any facts supporting his claim"). However, Plaintiff is not without remedy. He may "fil[e] [a] complaint in state court that would not be subject to the amount-in-controversy requirement that applies for diversity actions that are filed in a federal court." *See, Lapaglia*, 155 F. Supp.3d at 157.

---

[2] The Court is mindful of the Second Circuit's general directive that, "before determining that the amount in controversy requirement has not been met, the court must afford the plaintiff an appropriate and reasonable opportunity to show good faith in believing that a recovery in excess of [the jurisdictional amount] is reasonably possible." *See, Chase Manhattan Bank, N.A. v. American Nat'l Bank & Trust Co. of Chi*., 93 F.3d 1064, 1070-71 (2d Cir.1996). However, for the reasons stated in this Memorandum and Order, the Court finds this case distinguishable from the general scenario where a plaintiff had a good faith belief, at the time the complaint was filed, that the jurisdictional requirement was met. *Id.* at 1071.

## II.  Diversity of Citizenship

Plaintiff also failed to provide information sufficient to confirm whether the diversity of citizenship requirement is met.  Diversity of citizenship exists between "citizens of a State and citizens…of a foreign state," but not "between citizens of a State and citizens…of a foreign state *who are lawfully admitted for permanent residence in the United States and are domiciled in the same State*."  28 U.S.C. § 1332(a)(2) (emphasis added).  Here, Plaintiff alleges that there is diversity of citizenship because he "resides in East Hampton, New York" but is "a citizen of the Republic of Ecuador" while Defendant "is a citizen of New York."  *See*, Compl. ¶¶ 1-2, 4.  However, these allegations leave unclear whether Plaintiff is a *permanent* resident of New York, and, thus, the Court cannot determine whether the parties are, in fact, "diverse" under 28 U.S.C. § 1332(a)(2).  Moreover, Plaintiff failed to comply with the recently enacted Fed. R. Civ. P. 7.1(a)(2), which states that "[i]n an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a)," a party "must, unless the court orders otherwise, file a disclosure statement" which "must name[,] and identify the citizenship of[,] every individual or entity whose citizenship is attributed to that party" at the time the action is "filed in or removed to federal court."  As Fed. R. Civ. P. 7.1(b) specifies, a party must file the disclosure statement "with its first appearance."  To date, Plaintiff has not filed any such disclosure statement.

## CONCLUSION

For the reasons set forth above, this action is dismissed for lack of subject matter jurisdiction.

SO ORDERED.

Dated: Brooklyn, New York
      September 19, 2023

/s/
_____
DORA L. IRIZARRY
United States District Judge
